VICTORIANO CADILLA, Plaintiff and Appellant, *v.* CONDADO BEACH HOTEL CORPORATION, Defendant and Appellee.

No. 10013.    Argued February 3, 1950.—Decided February 23, 1950.

*Henry G. Molina* and *David Curet Cuevas* for appellant. *Víctor Gutiérrez Franqui* and *Luis F. Sánchez Vilella* for appellee.

MR. JUSTICE MARRERO delivered the opinion of the Court.

Section 19 of Act No. 8 of April 5, 1941 (Sess. Laws, p. 302, 318), as amended by Act No. 451 of May 14, 1947 (Sess. Laws, pp. 950, 964), insofar as pertinent provides:

"Every employer who discharges, . . . . discriminates or threatens to do any of these acts to evade compliance with any decree or because said employee . . . may have complained, offered or given testimony, or is willing to offer or give it, or because he believes that he may offer or give it, in any investigation, complaint, or claim made, or hearing held, or administrative or judicial proceeding heretofore or hereafter carried out in relation to, or for the application of, this Act . . . shall be guilty of a misdemeanor . . .

"It shall be presumed that any of the said acts are due to the filing of a complaint or to the offering or giving of testimony, . . . when the employer has performed the act before the expiration of six months after the end of the investigation, complaint, claim, . . . unless it is satisfactorily shown by the employer that he has stated the purpose . . . to the employee . . . before the investigation, complaint, . . . .

"The employer shall reinstate the laborer . . . In said proceedings there shall also be investigated the damages which the act may have caused the employee . . . in whose favor judgment shall be rendered for double the amount of the damages caused, in addition to granting him costs and a reasonable sum, which shall never be less than fifty (50) dollars for attorney's fees."

Relying on the provisions of the foregoing Section, Victoriano Cadilla filed on January 16, 1947 (sic) a complaint against Condado Beach Hotel Corp. alleging in short that he had worked for said corporation from March 1, 1945 until December 31, 1947 at which latter date he was discharged without just cause and paid the wage corresponding to January next; that on September 1st of said year, together with other persons, he filed in the same court a complaint against the defendant claiming payment for extra hours and days of rest worked without said claim having been substan-

tiated up to then; that plaintiff received from the defendant a monthly salary of $350 plus room and board for himself and his wife; that he has suffered damages on account of said wrongful discharge, amounting to $600 and that the defendant has refused to reinstate him in his employment. In the prayer of the complaint he requests that pursuant to the aforesaid Section judgment be entered directing the defendant to reinstate him in his employment and to pay him besides the sum of $1,200 plus attorney's fees.

In his answer the defendant denied having discharged the plaintiff without just cause and alleged on the contrary that on December 29, 1947 while the manager and president of the corporation was absent from the hotel, plaintiff, who was the head of the kitchen department, provoked a scandal in the kitchen with one of the captains of the waiters, the quarrel and the obscene words uttered by the plaintiff having transcended to the dining room of the hotel; and that the plaintiff was summoned by said president in order to explain his conduct and he could not do so satisfactorily.

After the corresponding trial during which oral and documentary evidence was presented, the lower court entered judgment [1] overruling the complaint without special imposition of costs in view of exemption therefrom by law, and without attorney's fees.

On appeal the plaintiff maintains that the lower court committed error in holding that the plaintiff did not convince the court that the discharge was unjustified, thus ignoring the provisions of § 19, *supra*, as well as in deciding that in view of the evidence it could be concluded that the facts shown by the appellee would have constituted just cause for complainant's discharge.

■■ Plaintiff's evidence tended to show that he and other persons had filed a complaint against the defendant corporation claiming payment of a certain sum in contempla-

---

[1] The lower court delivered no opinion.

tion of extra hours and days of rest worked by them; that after said complaint was filed and while the suit was still pending, the manager of the defendant summoned him on December 29, 1947 to his office and after asking him what had happened that day in the kitchen of the hotel and after the plaintiff complied with his request, the manager of the defendant asked him whether he was willing to accept $500 as a compromise and that when he answered in the negative the manager became angry, threatened to give him two slaps and dismissed him, whereupon the auditor of the corporation went to him at about five in the evening with the check for the wages corresponding to January and with a letter discharging him. However, it also appears from the transcript that when the attorney for the defendant asked the plaintiff, "By what reason did you cease on December 31?" the latter answered:

"Well, . . . because on December 28 or 29, I believe it was December 28, the captain of the waiters of the Hotel Condado came to the kitchen and asked me for a portion of chops whereupon I answered him. He asked me if there were any and I said to him: 'Yes, sir.' Then about 10 or 15 minutes later he returned and says to me: 'Start cooking them,' and I did. About three minutes later he came for them and I told him that they were not ready. Then he insisted that I serve them but since I was not in a condition to serve them I told him that as long as I was not in a condition to serve them I would not do it, because if a guest brings a complaint against the service I am responsible and that he washes his hands. He insisted that I give him the chops and I told him that I would not give them to him because they were not ready. Then he insisted and we had some words.

"Q. What words?

"A. I said to him 'Listen, I do not want you to come here with that kind of (here an obscene word.')"

Defendant's evidence was to the effect that from 12 to 1 in the afternoon of December 29, 1947, the plaintiff who at that time was Chef in defendant's hotel, engaged in an angry quarrel in the kitchen with the captain of the waiters during which the plaintiff in a loud tone made use of gross language

in addressing the former, in a loud voice and which could be heard by the persons who were in the dining room; that later on the plaintiff could not explain his conduct and admitted the incident; that he was fired the same day of the quarrel because somebody could substitute him in the kitchen and that the captain of waiters was not discharged until two days later because they had to find a substitute for him; that plaintiff's discharge had nothing to do with the claim made by the plaintiff and other persons against the defendant; and that in fact some days earlier the plaintiff and his lawyer and defendant's manager and his lawyer had gotten together in order to reach an agreement in regard to said claim but that in spite of the friendly manner in which the matter was dealt with, plaintiff and his lawyer did not accept the offer of $500 as a compromise.

In its judgment the lower court after stating that complainant's evidence had not convinced it that his discharge had been unjustified nor that the employer discharged him because a complaint had been brought against the former, it said that while the parties were attempting to compromise through their respective attorneys, the complainant had a personal quarrel in the kitchen and that "considering the circumstances of this quarrel, it would have constituted just cause for complainant's discharge and therefore the fact that a claim for extra hours existed should not be taken into consideration in imposing on the employer the penalty fixed by § 19 of Act No. 8," etc.

It is true that in a case like the present one § 19, *supra*, establishes the presumption that the discharge was due to the filing of the complaint, but such presumption is rebuttable and may be disproved by proper evidence. In the case at bar that rebuttable presumption was duly disproved by the defendant with evidence believed by the lower court. Upon the plaintiff presenting evidence as to the existence of his claim and as to the fact that the suit brought in connection therewith was pending, as well as with respect to having been

discharged prior to the expiration of the term of 6 months mentioned in the Act, a prima facie case arose in his favor and it was incumbent on the defendant party to present strong and convincing evidence to destroy it. The lower court, taking into consideration the presumption established by the Act and the evidence introduced by the parties, did not believe that the discharge was due to the claim brought and on the contrary found that it was due to the quarrel between the plaintiff and the captain of waiters.

The test in these cases is not, of course, whether or not the workman has been discharged for just cause. The latter plays no role at all in these cases. The test is whether the discharge was due to the claim brought by the workman against the employer or to any of the other grounds contained in § 19, *supra*.

■ In discussing the second error assigned appellant maintains that "Pursuant to the terms of the collective agreement in force between the appellee and the Union to which Cadilla belonged, appellant's discharge should be submitted to a Grievance and Adjustment Committee in order that the latter determine whether or not the discharge was proper." Pursuant to clause 17 of the Agreement, plaintiff's exhibit I, in the case of dismissal, the workman was entitled to request the Union within 48 hours after the suspension that the controversy be discussed and decided immediately by the Grievance Committee created by virtue of the same agreement, composed of two representatives from the Union and two from the employer and, if they did not reach an agreement, of a fifth member which would be the Insular Conciliator or one of the Assistant Conciliators. The award of that committee would be final and binding on the parties. It was the plaintiff himself who by express provision of the agreement entered into with the defendant was entitled to request the Union that the issue be submitted to the Grievance Committee. He did not do so. On the contrary he chose to resort to the courts for reinstatement and claiming damages. Said

agreement did not bind the defendant in any way whatever to resort to any committee before defending itself from a complaint filed against it by one of its workmen before the courts of justice.

The record herein contains sufficient evidence to support the finding of the trial court to the effect that the discharge had nothing to do with the claim made by the plaintiff against his employer.

None of the errors assigned having been committed, the judgment appealed from will be affirmed.

